Case 4:21-cv-03546   Document 13   Filed on 09/23/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENOEL BURLESON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-3546 |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Kenoel Burleson slipped on charcoal on the floor of a Walmart in Houston, Texas, fell, and was injured. Burleson sued Walmart for premises liability. Walmart now moves for summary judgment, arguing that no evidence supports an inference that Walmart had actual or constructive knowledge of the condition that caused the slip and fall. (Docket Entry No. 10). Based on the pleadings, the motion and response, and the applicable law, the court grants the motion and dismisses the case by separate order. The reasons are set out below.

**I.     Legal Standards**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A 'material' fact is one 'that might affect the outcome of the suit under governing law,' and a fact issue is 'genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quoting references omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record

1

evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must "identify specific evidence in the record and . . . articulate the 'precise manner' in which the evidence support[s] their claim." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (alteration in original) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations,' 'unsubstantiated assertions,' or 'only a scintilla of evidence.'" *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quoting reference omitted).

As to the standards governing premises liability, Texas law considers a customer to be a store's "invitee," which consigns to the store "a duty to exercise reasonable care to protect [the invitee] from dangerous conditions in the store known or discoverable to it." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). "To prevail on a premises liability claim against a property owner," the plaintiff must prove:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014).

This case turns on the first element—knowledge. That element can be satisfied "by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed

long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). "Plaintiffs may rely upon both direct and circumstantial evidence" to establish those conditions. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017).

**II.    Analysis**

The only evidence Walmart attached in support of its summary judgment motion is Burleson's deposition, which Burleson also relies on in his response. (Docket Entries No. 10-1, 11-1, 12-1). In that deposition, Burleson testified to the following sequence of events:

- Burleson went to Walmart at around 5:30 p.m. on May 29, 2021. (Docket Entry No. 10-1, at 15).

- He grabbed a basket, went into the Garden Center, and looked for certain pots. (Docket Entry No. 10-1, at 17–18). When he could not find those pots, Burleson stepped out of the Garden Center and called his wife. (Docket Entry No. 10-1, at 22–23).

- Burleson then went back into the Garden Center, to the same spot he had been in earlier, to look for the pots once again. (Docket Entry No. 10-1, at 22–23).

- Burleson fell. (Docket Entry No. 10-1, at 18).

- After falling, Burleson noticed a piece of charcoal on the ground. (Docket Entry No. 10-1, at 19).

- He did not know how the piece of charcoal got on the ground, did not know how long it had been there, and did not see the charcoal before he stepped on it, slipped, and fell. (Docket Entry No. 10-1, at 22, 25).

The parties do not dispute that Burleson was Walmart's invitee and that Walmart owed him a duty to exercise reasonable care to protect him from dangerous conditions in the store known or discoverable to it. *See Gonzalez*, 968 S.W.2d at 936. To preclude summary judgment, Burleson must point to record evidence that could show that Walmart had actual or constructive knowledge of the charcoal Burleson slipped on. *See id.* Burleson argues that a factual dispute exists as to whether Walmart had a reasonable opportunity before he fell to discover and remove the charcoal or to post warnings around it.

Constructive knowledge "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). A court analyzes a "combination of proximity, conspicuity, and longevity"—the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68. For a premises owner to be charged with constructive knowledge, the dangerous condition must have "existed for some length of time." *Reece*, 81 S.W.3d at 815. If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. "[I]f an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

Burleson testified that he did not know how the charcoal ended up on the ground and did not know how long the charcoal had been there. (Docket Entry No. 10-1, at 25). "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816; *see also Gonzalez*, 968 S.W.2d at 937–38 (determining that the plaintiff could not show notice

because there was no evidence as to how long the dangerous condition had been on the floor before the slip-and-fall).

In his response to the summary judgment motion, Burleson states that he can provide temporal evidence that the charcoal had been on the ground for at least fifteen minutes before he slipped on it because he spent five-to-ten minutes in the Garden Center in his initial search for the pots, then spent five minutes outside the Garden Center on the phone with his wife, then went back into the Garden Center. (Docket Entry No. 11, at 4). Drawing all reasonable inferences in Burleson's favor, he provides temporal evidence that the condition had existed for 15 minutes. But no evidence shows that the charcoal was a conspicuous hazard or that any Walmart employees were working nearby. Under these circumstances, 15 minutes is not a legally sufficient amount of time to put Walmart on constructive notice of the dangerous condition. *See Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2000) (reversing the denial of a premises owner's motion for judgment as a matter of law in part because evidence that a dangerous condition had existed for 45 minutes was insufficient under Texas law to establish constructive notice).

The summary judgment evidence does not support an inference of actual or constructive notice to Walmart, triggering a duty to remove the charcoal before Burleson slipped. Summary judgment for Walmart is granted. Final judgment is entered by separate order.

SIGNED on September 23, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge